UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| BETTY GRAHAM ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:08-CV-299 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| LIBERTY MUTUAL INSURANCE ) | |
| COMPANY and SCOTT DAVIS ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM**

Before the Court are motions to dismiss by Defendants Scott Davis ("Davis") (Court File No. 5) and Liberty Mutual Insurance Company ("Liberty Mutual" and together with Davis, "Defendants") (Court File No. 7), along with memoranda of law supporting the motions. *Pro se* Plaintiff Betty Graham ("Plaintiff") has not filed responses to these motions. In addition, Davis has filed a motion for sanctions under Fed. R. Civ. P. 11 (Court File No. 12) and an accompanying memorandum, to which Plaintiff has responded (Court File No. 14). For the following reasons, the Court will **GRANT** Davis and Liberty Mutual's motions to dismiss and will **DISMISS** the case. The Court will **GRANT** Davis's motion for sanctions under Rule 11.

**I.    FACTS AND PROCEDURAL HISTORY**

The Court takes as true the facts pleaded in Plaintiff's complaint (Court File No. 1, at 2–3). Plaintiff worked for an ambulance service, located in either Sequatchie County or Marion County, Tennessee (the complaint does not make clear which). Plaintiff's employer was insured by Liberty Mutual. Plaintiff alleges she was involved in an automobile accident on August 9, 1991, during the course and scope of her employment. The Marion County Circuit Court found Plaintiff suffered

injuries as a result of this accident which caused her to develop a permanent disability, and on August 6, 1999, ordered payment of medical bills for her treatment, and further ordered that any dispute concerning a reasonable treatment could be brought before that court for resolution.

Plaintiff further alleges that on or about December 5, 2006, Liberty Mutual "wrongfully cut off Plaintiff's prescription medication payments causing Plaintiff to receive hospitalization and severe emotional distress." Plaintiff, invoking the Court's diversity jurisdiction, has sued both Liberty Mutual and the individual she alleged to be its agent, Scott Davis, in her complaint, which she filed December 31, 2008. Her causes of action include a declaration that Defendants' actions were negligent and taken without a reasonable basis for denying her claim, claims under the Tennessee Constitution for a taking of property and deprivation of procedural due process, injunctive relief to compel Defendants to pay for future medical treatments, negligent infliction of emotional distress, and intentional infliction of emotional distress.

This is the second time Plaintiff has named Davis as a defendant in a lawsuit in this Court. In a case filed in early 2008, Plaintiff sued Davis and Fleissner Law Firm, alleging violations of the Fourteenth Amendment to the United States Constitution and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), arising from those defendants' defense of Liberty Mutual in Tennessee state courts against Plaintiffs' suits she filed after the 1991 accident. *Graham v. Fleissner Law Firm*, No. 1:08-CV-00031, 2008 WL 2169512, at *1 (E.D. Tenn. May 22, 2008). In other words, the factual situation underlying the first federal claim was the same as that underlying the present action. This Court dismissed the first federal claim, finding a failure to state a claim on which relief could be granted for both the Fourteenth Amendment and HIPAA causes of action. *Id.* at *2–3. The Court also denied the defendants' motion for sanctions, but left open the possibility for

sanctions in the future if Plaintiff persisted in filing frivolous or vexatious pleadings. *Id.* at *5.

## II.     STANDARD OF REVIEW

When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998), accept the complaint's factual allegations as true, *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determine whether the plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). In deciding a motion to dismiss, the question is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support her claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). At the same time, bare assertions of legal conclusions are insufficient, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Unsupported allegations and legal conclusions "masquerading as factual conclusions" are insufficient to prevent a motion to dismiss. *Id.*

## III.    DISCUSSION

### A.     Motion to Dismiss

Defendants, without a response from Plaintiff, move to dismiss (1) for failure to state a claim based on the exclusive remedy provisions of the Tennessee Workers' Compensation Law ("TWCL") and because Plaintiff's claims are inadequately pleaded, (2) for lack of subject matter jurisdiction because Plaintiff has not met the amount in controversy requirement, or (3) because the suit is time-

3

barred by the applicable statutes of limitation. Because the Court will dismiss for failure to state a claim based on the TWCL, it will not reach Defendants' other arguments for dismissal.

As an initial matter, however, the Court will address Plaintiff's claims under the Tennessee Constitution. Regarding her claim of a taking without just compensation, the Constitution provides "no man's particular services shall be demanded, or property taken, or applied to public use, without the consent of his representatives, or without just compensation being made therefor." Tenn. Const. art. I, § 21. Regarding her procedural due process claim, the Constitution provides "no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or the law of the land." *Id.* § 8. Tennessee courts have interpreted both provisions as requiring action by the government, not private actors, to trigger these constitutional protections. *See, e.g.*, *Jackson v. Metro. Knoxville Airport Auth.*, 922 S.W.2d 860, 861 (Tenn. 1996) (takings); *Bryant v. Tenet, Inc.*, 969 S.W.2d 923, 925 (Tenn. Ct. App. 1997) (procedural due process). This Court has already concluded Davis is not a state actor for purposes of the federal Fourteenth Amendment, *Graham*, 2008 WL 2169512, at *2, and because the state provisions require the same state action as the federal provision, *see Bryant*, 969 S.W.2d at 925, Plaintiff cannot bring a claim against a non-state actor like Davis under the Tennessee Constitution. Likewise, as Plaintiff has not alleged Liberty Mutual is a governmental entity, Liberty Mutual also constitutes a private actor not subject to liability under the Tennessee Constitution. Accordingly, the Court will dismiss Plaintiff's claims under the Tennessee Constitution against both Defendants.

Turning to Plaintiff's claims under Tennessee common law, Defendants argue these claims are precluded under the TWCL. The TWCL "constitutes a complete substitute for previous

4

remedies in tort on the part of the employee . . . . The Legislature has made the rights of the employee and employer the exclusive remedy." *Liberty Mut. Ins. Co. v. Stevenson*, 368 S.W.2d 760, 762 (Tenn. 1963). The law provides, in relevant part, "[t]he rights and remedies granted to an employee subject to this chapter, on account of personal injury or death by accident . . . shall exclude all other rights and remedies of the employee." Tenn. Code Ann. § 50-6-108(a). This "exclusivity provision is triggered when an employee suffers an injury arising in the course and scope of employment. . . . If such an injury occurs, the employee must accept the remedies of the Workers' Compensation Law, and those remedies exclude all of the employee's other rights and remedies." *Clawson v. Burrow*, 250 S.W.3d 59, 62 (Tenn. Ct. App. 2007). When a case's facts clearly indicate an employee's injuries occurred in the course and scope of employment, courts should apply the exclusivity provision. *See id.*

Further, Tennessee courts have explicitly held the claims Plaintiff asserts here are barred by the exclusivity provision of the TWCL. *See Mays v. Int'l Mill Servs., Inc.*, 2006 WL 208874, at *4 (W.D. Tenn. Jan. 26, 2006) (applying Tennessee law and concluding "Plaintiffs' claim for negligent infliction of emotional distress, by definition, does not require a showing of intent to injure and is, therefore, barred by the exclusivity provision"); *Federated Rural Elec. Ins. Exch. v. Hill*, 2007 WL 907717, at *9 (Tenn. Ct. App. Mar. 26, 2007) (upholding trial court's decision that plaintiff's intentional infliction of emotional distress claim was barred by the exclusivity provision); *Randolph v. Eastman Chem. Co.*, 180 S.W.3d 552, 560 (Tenn. Ct. App. 2005) ("It necessarily follows that the exclusive remedy rule contained in Tenn. Code Ann. § 50-6-108 bars Plaintiff's negligence claim.");

Here, the injuries which Plaintiff alleged resulted from her 1991 automobile accident clearly arose from the course and scope of her employment. She pleaded precisely this fact in the first

5

paragraph of the section in her complaint labeled "Factual Basis of Claim" (Court File No. 1), and on a motion to dismiss, the Court must accept this alleged fact as true. The same section contains Plaintiff's admission the injuries flowing from her August 1991 accident are subject to the TWCL.[1] It is clear to the Court that Plaintiff's alleged injuries are of exactly the type precluded by the exclusivity provision of the TWCL. Moreover, even assuming for argument's sake Plaintiff's intentional infliction of emotional distress claim was not subject to the TWCL, she has alleged no bad faith or outrageous conduct by Davis or Liberty Mutual. These are key elements of a case of intentional infliction of emotional distress because the defendant's conduct must "reasonably be regarded as so extreme and outrageous as to permit recovery," *Bain v. Wells*, 936 S.W.2d 618, 623 (Tenn. 1997), and "[t]he actionable conduct should be set out in the complaint describing the substance and the severity of the conduct that is allegedly outrageous," *Lyons v. Farmers Ins. Exch.*,

---

[1] Even if Plaintiff had not admitted the TWCL governs Liberty Mutual's obligation to provide medical benefits, the TWCL covers an insurance carrier like Liberty Mutual when it wrongfully fails to pay benefits:

> If an employee receives a settlement, judgment or decree under this chapter that includes the payment of medical expenses and the employer or workers' compensation carrier wrongfully fails to reimburse an employee for any medical expenses actually paid by the employee within sixty (60) days of the settlement, judgment or decree, or fails to provide reasonable and necessary medical expenses and treatment, including failure to reimburse for reasonable and necessary medical expenses, in bad faith after receiving reasonable notice of their obligation to provide the medical treatment, the employer or workers' compensation carrier shall be liable, in the discretion of the court, to pay the employee, in addition to the amount due for medical expenses paid, a sum not exceeding twenty-five percent (25%) of the expenses; provided, that it is made to appear to the court that the refusal to pay the claim was not in good faith and that the failure to pay inflicted additional expense, loss or injury upon the employee.

Tenn. Code Ann. § 50-6-225(l).

26 S.W.3d 888, 893 (Tenn. Ct. App. 2000). Plaintiff's allegation of intentional infliction of emotional distress does not meet these requirements.

For the above reasons, the Court finds Plaintiff's claims are barred by the exclusive remedy provision of the TWCL. Accordingly, Plaintiff's complaint does not state a claim on which the Court can grant relief, and the Court will dismiss it.

**B.     Sanctions**

In moving for sanctions, Davis argues Plaintiff's claims are frivolous because Davis is not a state actor (and hence cannot violate the Tennessee constitution), her claims lack evidentiary support or are preempted by the TWCL, and are presented solely to harass Davis. Plaintiff responds that she brought this lawsuit in good faith, that her lawsuit is for breach of contract and negligence and not worker's compensation, and that Tennessee law gives her the right to pursue compensation for her injury through the courts.[2]

Rule 11 of the Federal Rules of Civil Procedure, governing sanctions, provides in relevant part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or

---

[2]On this latter point, Plaintiff's citation to the Tennessee Constitution's "open courts" provision, Tenn. Const. art. I, § 17, is inapposite because it does not apply to the federal courts, and because litigants are always under an obligation to present nonfrivolous claims notwithstanding any open courts provision.

7

discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). As this Court further explained in Plaintiff's first federal action:

> Rule 11(c) provides, "If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may ... impose an appropriate sanction upon the attorneys, law firm, or parties that have violated subdivision (b) or are responsible for the violation." Fed. R. Civ. P. 11[(c)(1)]. Pro se plaintiffs are not exempt from Rule 11 sanctions simply because they are not represented by counsel. *See Bus. Guides, Inc. v. Chromatic Communs. Enters.*, 498 U.S. 533, 564, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991) ("Requiring pro se litigants to make the Rule 11 certification ensures that, in each case, at least one person has taken responsibility for inquiry into the relevant facts and law."). However, the Supreme Court has held that courts should liberally construe complaints filed by pro se parties, and they should not hold them to the same stringent standard required of licensed attorneys. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The Sixth Circuit recognized that for pro se plaintiffs there is a degree of latitude when "dealing with sophisticated legal issues," but the court did not find there to be "cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir.1991). In addition, pro se parties are not exempt from following the law, and the Sixth Circuit has noted that "a willfully underrepresented plaintiff volitionally assumes the risks and accepts the hazards that accompany self-representation ." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir.2000). Accordingly, the sanctions provided under Rule 11 can be applied to pro se plaintiffs. Indeed, a district court in this circuit has sanctioned a pro se plaintiff for filing a case remarkably similar to Plaintiff's complaint in this case. *Cousino v. Nowicki*, No. 98-1223, 1999 WL 313850 (6th Cir. May 6, 1999) (noting that the plaintiff had abandoned his right to appeal the imposition of the sanctions).
>
> When deciding whether to impose Rule 11 sanctions, the Sixth Circuit directs courts to consider "whether an individual's conduct was reasonable under the circumstances." *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 384 (6th Cir.1997) (citing *Lemaster v. United States*, 891 F2d 115, 118 (6th Cir.1989). If the party's conduct was not reasonable under the circumstances, possible sanctions under Rule 11 include "directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation ." Fed. R. Civ. P. 11(c)(2). The Rule itself does not delineate the factors that a court should consider when deciding whether or not to impose sanctions. However, the Advisory Committee

Notes lists several factors that the court can consider, which include:

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants.

Fed. R. Civ. P. 11, 1993 Advisory Committee Notes.

*Graham*, 2008 WL 2169512, at *4–5.

In Plaintiff's first federal action, the Court denied Davis's motion for sanctions, finding it was "Plaintiff's first time filing a suit in federal court, and there is no indication she is an experienced litigator or that she was aware of the impropriety of the claims she brought in this case." *Id.* at *5. However, the Court also issued a clear warning to Plaintiff:

> Nevertheless, now Plaintiff knows she cannot file frivolous complaints and that she will be held accountable if she does so in the future. As another judge of this district recently wrote:
>
>> [I]f [she] persists in filing frivolous or vexatious complaints, pleadings, motions, briefs, and other documents in this Court in the future against these same defendants, the Court may exercise its authority to *sua sponte* impose any necessary and appropriate sanctions on [her] pursuant to FED. R. CIV. P. 11, including but not limited to monetary sanctions.

*Id.* (quoting *Rowe v. Register*, No. 1:07-CV-20, 2008 WL 2009186, at *25 (E.D. Tenn. May 8, 2008)).

After reading through this suit and the evidence of other actions Plaintiff has filed, the Court now views Plaintiff as a prolific litigator. This is her second federal action against Defendant Davis,

9

and her second federal action based on the same underlying facts. Additionally, Plaintiff filed several previous state court actions, each of which named Davis's law firm as a defendant. In neither of her federal lawsuits has Plaintiff presented meritorious claims. Both sets of constitutional claims, federal and state, have been denied because she has sued non-state actors. Additionally, her state-law claims for negligence, breach of contract, and emotional distress are all clearly precluded by the TWCL. There is, then, no existing law or nonfrivolous argument for modifying existing law which would justify Plaintiff's bringing these claims. Here, Plaintiff was on notice from her first federal claim that the Court would take action if she filed another frivolous complaint; she filed the instant complaint anyway, apparently without consulting any trained legal professional to filter out her frivolous claims, leading the Court to believe her conduct was willful, not negligent. The Court will not guess at Plaintiff's subjective motivations in filing the suit, and does not necessarily attribute to Plaintiff an intent to injure or harass Davis; however, this suit's filing has undoubtedly cost Davis time and money in procuring representation to defend against essentially the same type of claims he dealt with in the first federal lawsuit.

Furthermore, even if Plaintiff maintains she brought this lawsuit in subjective good faith, her assertion is undermined by the fact Davis and Liberty Mutual's motions to dismiss "reasonably should have put her on notice that these claims were legally insufficient. Accordingly, the law afforded her twenty-one days after service of the motion for sanctions to withdraw the complaint" under the Federal Rules' safe-harbor provision. *Katz v. Rabkin*, 213 F. App'x 387, 389 (6th Cir. 2007) (citing what was then Fed. R. Civ. P. 11(c)(1)(A); now Fed. R. Civ. P. 11(c)(2)). Here, the law firm representing Davis sent a letter via certified mail to Plaintiff on January 22, 2009, warning her the complaint was frivolous and informing her if she did not withdraw the complaint within

10

twenty-one days of the letter, Davis would seek Rule 11 sanctions (Gearhiser Aff. Ex. A). Plaintiff did not withdraw her complaint and, on February 17, 2009, Davis filed his Rule 11 motion (Court File No. 12).

Even construing the pro se Plaintiff's complaint liberally, therefore, the Court finds she has filed it without a nonfrivolous basis in law and lacking an evidentiary basis in fact. Accordingly, the Court finds sanctions against Plaintiff are appropriate and will grant Davis's motion for sanctions. In this case, the Court feels imposing monetary sanctions upon Plaintiff or ordering her to pay attorneys' fees would be excessive. However, Davis and Liberty Mutual should be protected against any future attempts by Plaintiff to subject them to suit on a frivolous basis. Therefore, the Court will direct the Clerk's office not to accept any further filings from Plaintiff against Davis or Liberty Mutual. Should Plaintiff wish to file any further complaints against these Defendants, she must obtain express permission of the Court, and a magistrate judge must certify the complaint is not frivolous. *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) (upholding the district court's requirement the prolific litigators obtain leave of court before filing any further complaints).

## IV. CONCLUSION

One of the important features of the American civil justice system is its reliance on finality. Settled outcomes prevent potential defendants from repetitiously facing lawsuits over the same factual situations, and also preserve scarce judicial resources for other litigants. Though Plaintiff here may have been dissatisfied with the outcome in her first federal suit, her solution was to appeal that outcome, not file another federal claim arising out of the same underlying facts.

Because this second federal suit does not contain a claim on which the Court can grant relief,

the Court will **GRANT** Davis and Liberty Mutual's motions to dismiss and will **DISMISS** the case.

Additionally, the Court will **GRANT** Davis's motion for sanctions to the extent specified above.

An Order will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**